UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JIMMY DEAN HALE,                    )
                                    )
              Plaintiff,            )          2:21-CV-118
                                    )
      vs.                           )
                                    )
MADISON COUNTY, NORTH               )
CAROLINA et al.,                    )
                                    )
              Defendants.           )

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and a Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis. Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is

sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, Plaintiff's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. [1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

## I.    ANALYSIS

In the instant action, Plaintiff submitted an illegible complaint. The Court then entered an Order on August 11, 2021 that stated:

> The Court is in receipt of the Complaint [Doc. 2] filed in this matter; however, significant portions of the Complaint are illegible. Plaintiff is **DIRECTED** to submit an Amended Complaint in clear handwriting or type so that the Court may consider Plaintiff's claims. Plaintiff shall have **30 days** from the entry of this Order within which to submit an Amended Complaint in compliance with this Order.

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

[Doc. 3] (emphasis in original). The thirty-day period has since elapsed. Rather than complying with the Court's Order, Plaintiff instead filed a Motion requesting appointment of counsel. [Doc. 4]. In considering those portions of Plaintiff's original complaint that are discernable, they rely upon civil rights law and set forth conclusory allegations of rape, stalking, and unlawful imprisonment against governmental and non-governmental entities in Tennessee and North Carolina. As Plaintiff chose not to refile a legible version of his complaint, the Court is left to screen only those portions of the original complaint which are legible to determine whether it presents a plausible cause of action such that it may proceed beyond the §1915 screening stage.

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)).

The legible portions of the instant complaint do not provide a sufficient explanation for how Plaintiff claims that Defendants, individually or in concert, acted to violate his civil rights. As such, Plaintiff has failed to set forth a claim for deprivation of rights under the Constitution or other laws and has further failed to show that any named defendant caused an alleged deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The Sixth Circuit has warned that "[i]f a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Here, Plaintiff has failed to establish factual support for multiple elements of a §1983 civil rights claim. Instead, Plaintiff accuses Defendants of acts including rape, stalking, and unlawful imprisonment and leaves the court to fill in the blanks. The Court is not is a position to hypothesize about how some or all Defendants engaged in the acts alleged. Rather, Plaintiff, like all litigants, is required to offer factual support for his allegations with sufficient detail to permit the Court to meaningfully consider whether a plausible civil rights claim exists against any or all Defendants. Because Plaintiff's complaint was devoid of such factual support, the Court is left with no choice but to recommend dismissal.

## II.    CONCLUSION

For reasons stated above, it is recommended Plaintiff's Complaint [Doc. 2] be **DISMISSED without prejudice** and his Motion for Appointment of Counsel [Doc. 4]. be **DENIED**. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the

Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see also United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).